LUCIEN MEAD AND WIFE, Appellants, *v.* JENNINGS *et al.*, Respondents.

1. *Wills — Construction of — Partition.* — A testatrix, being seized of certain property, died, leaving six heirs. By the terms of her will the executors were empowered to sell and dispose of the whole estate, real, personal, and mixed, and to divide five-sixths of the proceeds equally among five of the heirs; but one portion was to be invested as they deemed best, and the proceeds paid to the sixth child, and at her death the investment was bequeathed to her heirs. In suit by the sixth child for partition of the property, *held*, that in accordance with the statute (2 Wagn. Stat. 1371, § 49), the plain intent of the testator should be made to govern, in disregard of technical rules, and that, under its provisions, plaintiff could not hold her share as tenant in common, but that the legal estate vested in the executors as donees to uses, in order to perform *the duties* intrusted to them by the will. Such being the law, plaintiffs would not be entitled to partition.

*Appeal from St. Louis Circuit Court.*

*Krum & Decker,* for appellants.

I. The will in question is a devise by the testatrix to her executors that they shall sell her real estate etc., and therefore

the will is a mere naked power to sell, and does not pass the fee of the land.

II. If a party devise that his executors shall sell his lands. and die seized, his heirs are in by descent, and consequently his executors have only a power to sell. (Sugd. on Powers, 128 ; Tiff. & Bull. Trusts and Trustees, 750–94; 4 Kent, 320 ; 2 Burr. 1027; 2 Ves. 179; 3 Ves. 513; 2 Pierre Williams, 308, 550 ; 4 Wash. 278 ; 7 Cow. 187 ; 9 Johns. 104.)

III. The legal title to the land of which Ann B. Jennings died seized is vested in her heirs by descent, and will remain there until divested by the execution of the power under the will. Consequently, as the legal title to the land in question is in the heirs, they are seized in law as tenants in common, and are entitled to partition. (Lambert v. Blumenthal, 26 Mo. 471.)

*H. Berry*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought for a partition of certain premises belonging to the estate of Ann B. Jennings, deceased. The plaintiff's wife claims to be seized in fee of one-sixth part of the premises in question, and alleges that she holds the same in common with the other defendants. Judgment was for defendants in the court below.

Whether the plaintiffs are entitled to partition depends upon the construction of the will of Mrs. Jennings, from whom the parties derive title. The disposing part of the will of the testatrix is thus: "It is my will that after my death, my executors hereinafter mentioned shall, out of my property, pay my funeral expenses and any debts that I may justly owe, and that they shall take possession, charge, and management of all my estate, real and personal; and after paying such debts, it is my will that my said executors, in whom I place full confidence and trust, shall sell and dispose of the whole of my said property, real and personal, at such time, place, and in such quantities, as to them shall seem best, and at either private or public sale; and the proceeds arising from such sales or disposition of my said prop-

erty, my said executors shall divide into six equal portions, whereof one shall be paid to my daughter, Ann M. McLaren, or her heirs; one shall be paid to my son, William H. Jennings, or his heirs; one to my daughter, Mary J. Switzer, or her heirs; one to my son, Robert M. Jennings; one it is my will my executors shall invest in any manner they may deem best, either in real estate or other property, or may loan the same, and the annual rent, dividends, or other proceeds arising from such investment, my said executors shall pay over to my daughter, Martha A. Mead (plaintiff), during her life, and, at her death, said investment I bequeath to her heirs," etc.

The true province of courts, in giving a practical construction to wills, is to disregard technical rules where they stand in the way of the manifest intention of the testator. Our statute declares that all courts and others concerned in the execution of last wills, shall have due regard to the directions of the will and the true intent and meaning of the testator, in all matters brought before them. (2 Wagn. Stat. 1371, § 49.) And in reference to the partition, it explicitly provides that no partition or sale of lands, tenements, or hereditaments, devised by the last will, shall be made under the provisions of the statute contrary to the intention of the testator expressed in the will. (2 Wagn. Stat. 973, § 47.)

The intention of the testatrix is manifested in such clear and unmistakable terms that there is nothing on which to base the application of the doctrine contended for by the plaintiff. The testatrix authorizes her executors to take possession, charge, and management of the estate, and to sell it at either private or public sale, and then makes provision for its distribution. But to Mrs. Mead the property is not to descend directly. The proceeds of the share coming to her the executors are directed to invest in any manner they may deem best, either in real estate or other property, or they may loan the same, and the annual rents, dividends, or proceeds arising from such investment they are to pay over to her during her life. She is to have the use and the enjoyment, not of the property in specie, but of the rents and profits issuing out of what it brings on reinvestment

during her natural life, and, at her death, then the investment made by the executors is bequeathed to and vested in her heirs.

The whole will shows that Mrs. Mead does not hold her share as a tenant in common; that she possesses a lifetime interest in the profits or rents which may spring from an investment made upon a sale of her share, and that, when she dies, the estate then vests absolutely in her heirs.

To decide otherwise would be doing violence to the clearly expressed will of the testatrix, and would be setting at nought the plain provisions of the statute. We think that in this case the legal estate vests in the executors as donees to uses, in order to enable them to perform the duties with which they are intrusted by the will. If the executors should neglect or fail to act as required by the testatrix, the plaintiffs have a complete remedy in equity by filing a bill to compel them to execute the trust.

Judgment affirmed. The other judges concur.